UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACOBSEN ARCHITECTURE, LLC | ) | |
| 2529 P Street, NW | ) | |
| Washington, D.C. 20007 | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON CONSTRUCTION LIMITED | ) | Civ. No. |
| 100 Picadilly Street | ) | |
| London, Ontario N6A 1R8 CANADA | ) | |
| and | ) | |
| SHELDON AARON | ) | |
| directly and as guarantor for | ) | |
| AARON CONSTRUCTION LIMITED | ) | |
| 100 Picadilly Street | ) | |
| London, Ontario N6A 1R8 CANADA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Jacobsen Architecture, LLC, plaintiff herein, by and through its counsel, Lee & McShane, PC, for its complaint herein alleges as follows:

## INTRODUCTION

This is an action to recover fees in excess of $300,000 for architectural services provided to Aaron Construction Limited and Sheldon Aaron for a personal residence in London, Ontario, Canada, pursuant to a lawfully, fully executed contract between Plaintiff and Defendant, with Mr. Aaron as personal guarantor for Aaron Construction Limited.

## THE PARTIES

1. Plaintiff JACOBSEN ARCHITECTURE, LLC ("JA") is a Virginia Corporation that provides architectural and design services.

2. JA's principal place of business in the District of Columbia at its offices located at 2529 P Street, NW, Washington, D.C.

3. Defendant AARON CONSTRUCTION LIMITED ("ACL"), upon information and belief is a Canadian corporation with its principal place of business at 100 Piccadilly Street, London, Ontario, N6A 1R8, Canada.

4. Defendant SHELDON AARON ("Aaron"), upon information and belief is a citizen of Canada and domiciled in London, Ontario, N6A 1R8 Canada.

## JURISDICTION AND VENUE

5. Jurisdiction in this action is predicated upon 28 U.S.C. §§ 1332. Diversity jurisdiction is appropriate here as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and is between a citizen of a State and citizens or subjects of a foreign state, who are not lawfully admitted for permanent residence in the United States and are not domiciled in the same state. *See* 28 U.S.C. §§ 1332(a), (a)(2) and (c)(1).

6. JA is a Virginia Corporation, duly registered in the District of Columbia with offices located at 2529 P Street, NW, Washington, D.C.

7. On September 26, 2013, the parties signed The AIA Document B101-2007 Standard Form of Agreement between Owner and Architect ("Agreement"), and in that Agreement, Article 8 Claims and Disputes § 8.2.4 specifically provides:

> If the parties do not resolve a dispute through mediation pursuant to this Section 8.2, the method of binding dispute resolution shall be the following: Litigation in a court located in the District of Columbia.

*See* the Agreement attached hereto as Exhibit A.

8. Venue is also appropriate in this court pursuant to 28 U.S.C. § 1391(a)(2), as "a substantial part of the events or omissions giving rise the claim occurred, or a substantial part of property that is the subject of the action is situated" in this District, and by reason of 28 U.S.C. § 1391(a)(3), in that the Defendants were subject to personal jurisdiction in this District at the time the action was commenced pursuant to their contract with JA.

## FACTS

9. On or about September 26, 2013, Jacobsen Architecture, LLC, through its Managing Design Partner, Simon Jacobsen, and Aaron Construction Limited through Sheldon Aaron, as its representative, and directly as personal guarantor of the contract, entered into The AIA Document B101-2007 Standard Form of Agreement between Owner and Architect ("the Agreement"). Exhibit A.

10. The purpose of the contract was: "to execute contract architectural drawings calling for the design and construction of a house in London, Ontario, that will include formal receiving, living and dining spaces with a wine room; a solarium; two offices; a family room and kitchen

with causal [sic] dining space; a master suite including two bedrooms, one bathroom, and a dressing room; and general facilities for aging in place requirements. The house will also have a minimum of four guest bedrooms; three guest bathrooms; an outdoor pool with cabana; and a partial housekeeper's suite with one bedroom, a bathroom, living and dining spaces, and access to laundry facilities. Exhibit A.

11. JA created schematic designs of the personal residence following many conversations between the parties; an initial meeting on August 19, 2013; Mr. Simon Jacobsen's trip to London, Ontario, Canada, to meet with Mr. Aaron, a local architect, a contractor, an engineer and to visit the proposed site of the home.

12. At all times relevant to the creation of the schematic designs, AARON participated in the meetings, presentation and discussions with JA.

13. On or about October 29, 2013, JA presented the schematic design to ALC and AARON during a meeting in Washington, D.C.

14. AARON conveyed approval of the schematic design but requested a small number of modifications.

15. At that same meeting, AARON requested a second schematic design presentation to review the drawings with the newly requested modifications. The parties agreed to meet for a second presentation on November 14, 2013.

16. JA promptly completed the requested modifications to the plans.

17. JA sent an invoice for services in the amount of $108,750 to Defendants for services provided. JA received no response or payment from Defendants for this invoice.

18. On November 14, 2013, AARON was scheduled to attend the second schematic design presentation at JA in Washington, D.C., but failed to appear.

19. Approximately two hours after the time designated for the parties to meet, Simon Jacobsen called Mr. Aaron and learned that he was not in Washington D.C., did not plan to attend the meeting, and was terminating the contract.

20. Subsequently, in a letter ("Termination Letter") dated November 19, 2013, AARON wrote to Simon Jacobsen and expressly terminated the contract between the parties. *See* Termination Letter attached hereto as Exhibit B.

21. JA again sought compensation for the services rendered prior to Defendants' termination of the Agreement, sending an invoice to Defendants on or about January 8, 2014, in the amended amount of $161,859.12.

22. Defendants declined to pay and demanded return of a $60,000 deposit.

23. The parties were unable to resolve their dispute over compensation.

24. Pursuant to the Agreement, the parties proceeded to mediation through the American Arbitration Association.

25. On May 12, 2014, the parties attended meditation and attempted to resolve their claims.

26. Despite participating in mediation and continuing negotiations in the days and weeks thereafter, the parties were unable to resolve this matter.

## COUNT I
### Breach of Contract

27. ACL and AARON materially breached the Agreement, *inter alia*, by failing to timely and fully pay all due and owing amounts to JA under the Agreement and to deal fairly and in good faith.

28. According to Section 9.5 of the Agreement, Defendants had the right to terminate the Agreement upon not less than seven days' written notice to JA for the Defendants' convenience and without cause.

29. Section 9.6 clearly states that in the event termination is not the fault of JA, then JA is entitled to compensation for services performed prior to termination, together with Reimbursable Expenses then due and all Termination Expenses as defined in Section 9.7.

30. Termination Expenses are recoverable, in addition to compensation for JA's basic services, and includes expenses directly attributable to termination for which JA is not otherwise compensated.

31. As a direct and proximate result of Defendant's material breach of the Agreement, JA has suffered damages and continues to be damaged in the amount of at least three hundred thirty four thousand, five hundred and fifty three dollars, and twenty eight cents ($334,553.28), plus pre-judgment and post-judgment interest and attorney fees and costs allowed by contract.

## COUNT II
### Quantum Meruit

32. JA supplied professional architectural services for the Project at the request of Defendants, with their knowledge and consent and for their benefit.

33. Defendants knew or should have known that JA expected to be paid for the professional architectural services performed.

34. The formula for calculating compensation for the services provided by JA for the benefit of Defendants is expressly written in the Agreement.

35. As a direct and proximate result of Defendant's failure to pay for services, JA has suffered damages, and continues to be damaged, in the amount of at least three hundred thirty four thousand,

five hundred and fifty three dollars, and twenty eight cents ($334,553.28), plus pre-judgment and post-judgment interest and attorney fees and costs allowed by contract.

## COUNT III
### Unjust Enrichment

36. Through the professional architectural services for the design of AARON's personal residence, JA conferred a significant and valuable benefit to Defendants.

37. Defendants have been unjustly enriched as a result of accepting JA's professional services without paying JA the value of the services provided, and the amounts claimed herein are true, accurate, and reasonable.

38. As a direct and proximate result of Defendants' failure to pay for services rendered, JA has suffered damages, and continues to be damaged, in the amount of at least three hundred thirty four thousand, five hundred and fifty three dollars, and twenty eight cents ($334,553.28), plus pre-judgment and post-judgment interest and attorney fees and costs allowed by contract.

## COUNT IV
### Promissory Estoppel

39. At all times relevant during the relationship of the parties in this case, JA relied upon ACL and AARON's promise to pay for the architectural services that Defendants sought and retained from JA.

40. JA relied on the Defendants' promise to pay for the work provided by JA.

41. As a result of relying on Defendants' promise to pay for architectural services, including but not limited to the development of the schematic design plans and modifications thereafter, and as a direct and proximate result of Defendants' failure to pay for services JA has suffered damages,

and continues to be damaged, in the amount of at least three hundred thirty four thousand, five hundred and fifty three dollars, and twenty eight cents ($334,553.28), plus pre-judgment and post-judgment interest and attorney fees and costs allowed by contract.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in its favor and against the Defendants in such dollar amount as this Court may determine under each Count, but not less than in the amount of at least three hundred thirty four thousand, five hundred and fifty three dollars, and twenty eight cents ($334,553.28), plus pre-judgment and post-judgment interest; attorney fees and costs allowed by contract; and any other relief this Court deems equitable, reasonable and just.

Plaintiff,

JACOBSEN ARCHITECTURE LLC,

_____
James F. Lee, Jr. #247718
jfl@lee-mcshane.com
Lee & McShane, PC
1211 Connecticut Avenue, NW
Washington, D.C.  20036
(202) 530-8100